UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:   VAUGHAN COMPANY, REALTORS,　　　　　　　　　　Case No. 10-10759

    Debtor.

---

JUDITH A. WAGNER, Chapter 11 Trustee
Of the bankruptcy estate of the Vaughan Company,
Realtors,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Adv. No. 12-1056

SHU HUI LEE

    Defendant.

## MEMORANDUM OPINION

THIS MATTER is before the Court on the Motion for Partial Summary Judgment as the Timing and Amount of Transfers (the "Motion") filed by the Plaintiff. *See* Docket No. 40. Judith Wagner, Chapter 11 Trustee of the bankruptcy estate of the Vaughan Company Realtors (the "Trustee") seeks judgment in her favor on her claims under 11 U.S.C. § 548 and New Mexico's version of the Uniform Fraudulent Transfer Act ("UFTA"), N.M.S.A. 1978 § 56-10-18(A). After considering the Motion, Shu Hui Lee's response, and the supporting papers, and being otherwise sufficiently informed, the Court finds the Motion should be granted, in part, and denied, in part, as described below.

SUMMARY JUDGMENT STANDARDS

Summary judgment will be granted when the movant demonstrates that there is no genuine dispute as to a material fact and that the movant is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56(a), made applicable to adversary proceedings by Fed.R.Bankr.P. 7056.

1

"[A] party seeking summary judgment always bears the initial responsibility of informing the ... court of the basis for its motion, and ... [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In considering a motion for summary judgment, the Court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." Wolf v. Prudential Ins. Co. of America, 50 F.3d 793, 796 (10th Cir. 1995) (quoting *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F2d 1238, 1241 (10th Cir. 1990)). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial" through affidavits or other supporting evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed .2d 202 (1986).

FACTS NOT SUBJECT TO GENUINE DISPUTE

1. Shu Hui Lee invested a total of $65,485.91 in Vaughan Company Realtors' ("VCR") promissory note program. *See* Trustee's Motion for Summary Judgment as to the Timing and Amount of the Transfers (Docket No. 40) (the "Trustee's Motion"), ¶ 2; Default Order Conclusively Establishing the Amount of the Transfers at Issue (Docket No. 35) (the "Default Order"), p. 2.

2. From 1999 through February 22, 2010, Ms. Lee received $129,180.12 from VCR. *See* Trustee's Motion, ¶ 3; Default Order p. 2.

3. From February 22, 2006 through February 22, 2010, Ms. Lee received $86,246.80 from VCR. *See* Trustee's Motion, ¶ 4; Default Order p. 3.

4. From February 22, 2008 through February 22, 2010, Ms. Lee received $51,246.66 from VCR. *See* Trustee's Motion, ¶ 5; Default Order p. 3.

5. VCR transferred a total of $63,694.21 more to Ms. Lee than she paid to VCR. *See* Trustee's Motion, ¶ 6; Undisputed facts No. 1 and 2.

6. VCR filed a voluntary petition under Chapter 11 of the Bankruptcy Code on February 22, 2010 (the "Petition Date"). *See* Docket No. 1 in Case No. 10-10759.

7. The Trustee commenced the above-captioned adversary proceeding on February 13, 2012. *See* Trustee's Complaint, Docket No. 1 in Adv. No. 12-1056.

## DISCUSSION

I. <u>Whether the Trustee Has Established the Prima Facie Elements of Her Claims for Actual and Constructive Fraud</u>

The Trustee seeks to establish the requisite elements of her actual and constructive fraud claims against Ms. Lee under 11 U.S.C. § 548 and N.M.S.A. 1978 § 56-10-18(A). Claims for actual fraud require a showing of: "(1) a transfer of an interest of the debtor in property; (2) made within two [or four] years before the debtor filed for bankruptcy; and (3) done with actual intent to hinder, delay, or defraud the debtor or any entity the debtor would become after the transfer." *See In re The 1031 Tax Group, LLC*, 439 B.R. 47, 68 (S.D.N.Y.Bankr. 2010) (quoting 11 U.S.C. § 548(a)(1)(A)).[1] Claims for constructive fraud generally require a showing that the debtor: (1) transferred property within two or four years before the bankruptcy filing; (2) received less than reasonably equivalent value for the transfer; and (3) was insolvent (or some equivalent) at the time of the transfer. *See generally* 11 U.S.C. § 548(a)(1)(B); N.M.S.A. 1978 §§ 56-10-18(A)(1)(2), 56-10-19.

---

[1] The UFTA, N.M.S.A. § 56-10-18(A)(1), which contains similar elements, uses a four-year look-back period. *See* N.M.S.A.1978 § 56-10-23 (establishing a four year statute of limitations on pursuing fraudulent transfer actions under New Mexico law); *In re Strom*, 2013 WL 265071, *3 n. 5 (Bankr.D.N.M. 2013) ("The New Mexico UFTA has a four-year 'look-back' period.").

3

The Court previously found that, to the extent a transfer was made to Ms. Lee within four years before the Petition Date: (1) each transfer constituted an interest of VCR in property; (2) each transfer was made with the actual intent to defraud creditors; (3) VCR received less than reasonably equivalent value in exchange for the transfer of any returns in excess of Ms. Lee's original investment; and (4) on the date of each transfer, VCR was insolvent and/or believed (or reasonably should have believed) it would incur debts beyond its ability to repay. *See Wagner v. Oliva, et al,* 500 B.R. 778 (Bankr.D.N.M. 2013). The only remaining issue with respect to the Trustee's prima facie case against Ms. Lee is whether, and to what extent, the transfers actually occurred.

Here, Ms. Lee attempts to create a fact issue as the amount of the transfers by pointing to her discovery responses, wherein she contends she received $47,874.86 (not $63,694.21, as stated by the Trustee) in excess of her initial investment. The Default Order, which conclusively establishes the amounts alleged by the Trustee in her complaint, was entered after proper notice and a hearing. To dispute the amounts in that order, Ms. Lee would need to seek to set it aside. She has not done so. The Court will therefore adhere to its order.

The Court finds that the Trustee has established Ms. Lee received: (1) $51,246.66 from VCR within two years before the Petition Date; (2) a total of $86,246.80 from VCR within four years before the Petition Date; and (3) $63,694.21 more from VCR than she invested. Such facts will be deemed established for purposes of trial.

II. <u>Whether the Trustee is Entitled to a Judgment in the Amount of the Any Returns in Excess of Ms. Lee's Initial Investment</u>

The Trustee seeks a money judgment in the amount of the net winnings. She contends that such judgment can be entered without considering whether Ms. Lee acted in good faith.

4

Section 548(c) of the Bankruptcy Code and the UFTA provide a transferee with an affirmative defense where the transferee acts in good faith and provides value to the debtor in exchange for the transfer. *See* 11 U.S.C. § 548(c) ("[A] transferee … that takes for value and in good faith has a lien on or may retain any interest transferred … to the extent that such transferee or obligee gave value to the debtor in exchange for such transfer or obligation."); N.M.S.A. 56-10-22(A) ("A transfer or obligation is not voidable … against a person who took in good faith and for a reasonably equivalent value."). As the Court explained more fully in *Wagner v. Eberhard,* "the 'good faith defense only permits an innocent investor to retain funds up to the amount of the initial outlay.'" 2014 WL 271632, *5 (Bankr.D.N.M. 2014) (quoting *Donell v. Kowell,* 533 F.3d 762, 771 (9th Cir. 2008)).[2]

Ms. Lee received $63,694.21 more from VCR than she invested. The good faith defense will not prevent the Trustee from recovering that amount. Rather than entering a judgment in the amount of the net winnings at the summary judgment stage, the Court believes it is more appropriate to enter a single money judgment after a trial on the merits.

### III. Whether the Trustee is Entitled to a Judgment on the Remaining Claims

Finally, the Trustee seeks a money judgment with respect to her remaining claims under 11 U.S.C. § 548(a) and N.M.S.A. 1978 § 56-10-18(A). She contends that the asserted defenses are without merit and that Ms. Lee failed to carry her burden with respect to demonstrating good

---

[2] *See also Perkins v. Haines,* 661 F.3d 623 (11th Cir. 2011) (holding that the good faith defense under Section 548(c) can only protect Ponzi investors to the extent of their original investment); *In re Bayou Group, LLC,* 362 B.R. 624, 636 (S.D.N.Y. 2007) (collecting cases and noting that "to the extent that investors have received payments in excess of the amounts they have invested, those payments are [generally] voidable as fraudulent transfers," notwithstanding the investor's good faith); *Securities Investor Protection Corp. v. Bernard L. Madoff Inv. Securities LLC,* 499 B.R. 416, 422-426 (S.D.N.Y. 2013) (concluding that for purposes of Section 548(c), investors only give "value" to the extent of their original investment); *In re Maui Indus. Loan & Finance Co., Inc.,* 2013 WL 2897792, *6 (D.Hawaii 2013) (noting that the "good faith defense … permits an innocent winning investor to retain funds up to the amount of the initial outlay"); *In re LLS America, LLC,* 2013 WL 3305393, *14 (Bankr.E.D.Wash. 2013) (same).

faith. Neither party offered sufficient evidence upon which the Court can examine the viability of any of the defenses.

Under ordinary circumstances, Ms. Lee would have to come forward with more evidence regarding her asserted defenses after the Trustee pointed to a lack of evidence on an essential element of Ms. Lee's case. *See Eberhard,* 2014 WL 271632, *5-6 (citing *1-800 Contacts, Inc. v. Lens.com, Inc*., 722 F.3d 1229, 1242 (10th Cir. 2013)). Nevertheless, the Court, in exercising its discretion under Rule 56, declines to enter summary judgment in favor of the Trustee on the defenses. *See* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 3d § 2728, pp. 525-26 (1998) (collecting cases for the proposition that even where the movant satisfies its initial burden, "the court has discretion to deny a Rule 56 motion … when it has any doubts as to the wisdom of terminating the action prior to a full trial"). In order to fully decide this case on the merits, the Court must determine the validity of Ms. Lee's good faith defense. A trial is set to take place in two weeks. Under these circumstances, the Court will not enter a money judgment until the affirmative defenses have been examined at trial.

## CONCLUSION

Based on the foregoing, the Trustee's Motion for Summary Judgment will be granted, in part, and denied, in part. The Court will enter judgment in the Trustee's favor on the grounds that she has established all prima facie elements of her claims under: (1) 11 U.S.C. §§ 548(a)(1)(A) and (B); and (2) N.M.S.A. 1978 §§ 56-10-18(A)(1) and (2). The Court will deny the Trustee's Motion to the extent she seeks a money judgment on those claims and will address any remaining defenses at trial. The Court will enter a separate judgment consistent with this Memorandum Opinion.

_____
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: April 1, 2014

COPY TO:

James Askew, Edward Mazel, & Daniel White
320 Gold Ave S.W.
Suite 300A
Albuquerque, NM 87102

Joshua R. Simms
PO Box 50332
Albuquerque, NM 87181-0332